## John W. Lane, Appellant, v. Rutherford B. Butler, Appellee.

1. TRIAL—*right of plaintiff to rebut new matters in defendant's evidence.* In an action of trespass for assault and battery where defendant introduced evidence of an attack by plaintiff upon him, it was error to exclude rebuttal evidence that he did not strike or offer to strike defendant, as plaintiff had a right to the benefit of a specific denial of the matters testified to by defendant's witnesses though he had introduced evidence from the same or other witnesses upon the same general subject in his case in chief.

2. ASSAULT AND BATTERY—*insufficiency of evidence to show justification.* That defendant was acting as a peace officer at a celebration and requested plaintiff to desist from attempting to enter an inclosure from which the public was temporarily excluded and plaintiff, with full knowledge of defendant's request, attempted to force his way therein, did not justify defendant in striking plaintiff on the head with a heavy cane a blow which cut his scalp to the skull although stopped to some extent by plaintiff's hat.

3. ASSAULT AND BATTERY—*liability of peace officer.* Except in self-defense, an officer has no right to proceed to the extremity of shedding blood in arresting one or in preventing the escape of one whom he has arrested, for an offense less than a felony, though the offender cannot be taken otherwise.

Appeal from the Circuit Court of Fulton county; the Hon. G. O. DIETZ, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded. Opinion filed April 22, 1922.

HARVEY H. ATHERTON and GLEN RATCLIFF, for appellant.

A. A. LUCKEY, CLAUDE E. CHIPERFIELD and BURNETT M. CHIPERFIELD, for appellee.

Mr. Justice Heard delivered the opinion of the court.

This is an action of trespass brought by the appellant against appellee for an assault and battery. The declaration, which consists of three counts, alleges that on the 9th day of September, 1919, the appellee made an assault upon the appellant and struck him a violent blow on the head with a heavy club or cane, and that by reason thereof the appellant became sick, lame and disordered, and has become and is permanently injured. The third count of the declaration charges that the striking was wilfully and wantonly done and that appellant ought to recover punitive damages in addition to his actual damages.

The appellee filed the general issue and two special pleas. The first special plea is the ordinary plea of *son assault demesne*. The other plea alleges that the appellee upon the day in question was a duly qualified and acting watchman of the City of Farmington with power to preserve the peace in said city and to arrest any person guilty of a breach of the same without warrant. That appellee in performance of his duties as watchman, for the purpose of preserving peace, struck the appellant.

Replications were filed and issue joined. A trial by jury was had, the jury returning a verdict finding the defendant not guilty.

The facts as disclosed by the evidence are that on the 9th day of September, 1919, a home-coming or festival was held in the City of Farmington and as a part of the festivities, after the speaking had been concluded in the afternoon, the ladies of the City of Farmington were hospitably serving refreshments. No charge was made for these refreshments and anyone who desired might avail himself of this opportunity.

In order that the refreshments might be served in a proper and orderly manner, an inclosure had been roped off on the school grounds of the City of Farm-

ington.   Posts had been driven into the ground and ropes stretched around making an inclosure which was some 35x60 feet in extent.

Inside of the ropes there were tables laden with refreshments which had been put upon plates so that anyone who desired might, to the extent of the ,accommodation of the inclosure, enter, receive a plate and pass out of an opening which had been left on the south side of the inclosure.

At the northwest entrance there was a space 4 feet in width which had been left open for the entrance of the crowd.

Inside of the inclosure there were also the ladies who were serving the refreshments, and ministering to the wants of the people.

Attracted by the offer of the free refreshments and desiring to avail themselves of the hospitality of the women, there had assembled a large crowd some two or three thousand in number.

The inclosure would accommodate about fifty people.   A dozen or fifteen were admitted at a time.

As appellant was about to pass into the inclosure there was some pushing and shoving among the crowd and appellant was struck a violent blow in the forehead just above the right eye, by appellee.   The blow was struck with a heavy walking cane one inch in diameter.   At that time appellant was wearing a straw hat which was padded with two felt pads beneath the sweat band.   The pads were so situated that they received the force of the blow and as a result a more serious injury was prevented.   Appellant received a wound about one inch in length, which extended in depth to the skull, at the central part thereof.

Appellee at the time was assuming to act as a special policeman or special watchman of the City of Farmington under an appointment made by the mayor of Farmington.   No authority for the making of such appointment, however, is shown by the evidence.   Ap-

pellee was attempting to control the crowd at the entrance to the inclosure where the refreshments were served.

Twenty-two witnesses testified to the circumstances of the assault and while appellee's witnesses testify that appellant was pushing and shoving with the rest of the crowd and some of the witnesses say that appellant struck at appellee, by far the greater number of witnesses narrate facts which tend to show a wanton violation of law on the part of appellee.

Under these circumstances great accuracy was required in the rulings of the court upon the admission and exclusion of evidence and the giving of instructions.

The court, over appellant's objection, allowed appellee to introduce evidence of appellant's conduct prior and subsequent to the assault which did not have any legitimate bearing upon the issue but which did have a tendency to prejudice the jury.

Appellant offered to prove by way of rebuttal that he did not strike or offer to strike appellee in the manner as claimed by appellee, but the court sustained objections to this evidence on the ground that it was not proper rebuttal. In this the trial court erred. Appellee and his witnesses testified to an attack appellant had made on him. The time, place and manner of this attack were new matters in evidence, and appellant's case was prejudiced by the court's refusal to allow appellant to introduce evidence directly and specifically contradicting such new matters which could not have been anticipated and specifically contradicted by appellant in his evidence in chief. Appellant had the right to the benefit of a specific denial of the matters testified to by appellee's witnesses, even though he had introduced evidence from the same or other witnesses upon the same general subject in his case in chief.

Appellee's given instruction No. 4 and others of similar character have been so many times condemned

by the Supreme and Appellate Courts that no further comment is necessary as to it.

At the request of appellee the court gave to the jury the following instructions:

"The court instructs the jury that if it appears from the evidence that the defendant on the day of the commission of the alleged assault on the plaintiff, was acting as a peace officer of the City of Farmington, and in the performance of his duties as such officer was charged with the duty of regulating the movements of the persons in attendance upon a home-coming celebration being held in the City of Farmington, and that the defendant then and there requested the plaintiff to cease and desist from endeavoring to gain admittance to an inclosure from which the public for the time being was excluded, and the plaintiff with full knowledge of the request of the defendant not to enter said inclosure, attempted to force his way therein, and that the defendant under the honest belief that it was necessary to use a reasonable degree of force for the purpose of preventing the plaintiff entering said inclosure, struck the plaintiff a blow with a cane which he then and there held in his hand inflicting upon the plaintiff a cut on his forehead and that the force so employed, taking into consideration the circumstances surrounding the defendant at the time of the striking of the blow aforesaid, was not excessive in its character, but was such as a reasonably prudent and careful man under the circumstances by which the defendant was surrounded, would exercise and use for the purpose aforesaid, then the jury are instructed that it will be your duty in this case to find the defendant not guilty."

Assuming (which we do not hold) that appellee was acting as a police officer of the City of Farmington, there is nothing in the instructions of facts contained in the instruction to justify an assault of the character of the one in question. Even if appellee had attempted to arrest appellant for a breach of the peace, which he did not do, he would not have been justified in using wanton violence or in resorting to dangerous weapons.

Except in self-defense, an officer has no right to proceed to the extremity of shedding blood in arresting, or in preventing the escape of one whom he has arrested, for an offense less than felony, even though the offender cannot be taken otherwise, a distinction being recognized in this respect between felonies and misdemeanors.  5 Cyc. 424; *North v. People,* 139 Ill. 81.

In *State v. Smith* (Iowa), 101 N. W. 110, in laying down the reasons for this rule, the court says:

"It is a well-approved maxim that the law has a tender regard for human life, and, as a general rule, a person assaulted without provocation cannot carry his right of self-defense to the extent of using a deadly weapon upon his assailant, save where the circumstances are such that, to his apprehension as a reasonable man, such extreme measures are necessary to save himself from death or very great bodily harm. In our judgment, something of the same solicitous care for human life should be required of the officer making the arrest, and that it is better that a misdemeanant escape than that the power to arrest be asserted to the extent of killing one where the offense subjects him to only a trifling fine, or confinement for a few days in jail.  This does not require the officer to retreat before a display of force, nor deprive him of the common right to self-defense, but simply denies him the right to use a deadly weapon or take human life in enforcing an arrest for a misdemeanor, even though without such force the wrongdoer may escape."

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*